SHELLEY R. SAFIR, RESPONDENT, v. WEST RIDGELAWN
CEMETERY, APPELLANT.

Argued May 29, 1931—Decided February 1, 1932.

For the appellant, *Abraham M. Herman.*

For the respondent, *Levitan & Levitan.*

The opinion of the court was delivered by

LLOYD, J.  The appeal is by the defendant against whom
a judgment was rendered in the Passaic Circuit of the Su-
preme Court.  The grounds of appeal are that the complaint
should have been dismissed and that there should have been
a nonsuit in the court below or that a verdict should have
been directed in favor of the defendant.

The plaintiff entered into an agreement in writing to
purchase certain lots of the cemetery company on which
$3,000 was paid, and claimed that at the time of the making
of the agreement another agreement in writing was executed,
the effect of which was to accord to the plaintiff the right to
convert the payment of $3,000 into a loan to the cemetery
company for a year, for which the company would pay $750
in addition to the principal and interest.  A letter embodying
this latter agreement and signed by the president of the

cemetery company was offered in evidence and by its terms supported the plaintiff's claim.

The defendant, however, contended that no obligation rested upon the cemetery company for two reasons: (1) that the option contained in this letter was without consideration because the original contract for the sale had already been definitely agreed upon and executed in writing, and (2) because there was no authority in the president of the cemetery company to contract for the sale of lots without the prior action of the board of managers.

The learned trial judge was right in refusing to grant the nonsuit or direct a verdict in favor of the defendant. On the proofs there was clearly an issue of fact as to whether the agreement to give the option and return the moneys with the bonus for its loan was made contemporaneously with the sales agreement or made subsequently. If made contemporaneously the agreement of sale would itself afford a consideration, and the answer to this question of fact rested with the jury.

As to the authority to sell: There was evidence that the president acted for the company in the sale of other lots on other occasions, from which an authority to act in the present case would be inferred, but if it were otherwise it would not justify a nonsuit. The defendant had received moneys of the plaintiff, and in accepting the same it could not repudiate the means by which they had been obtained.

The motion to dismiss the complaint rested on the same grounds as those urged on the motion for nonsuit, and these grounds need not be further discussed.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.